BURNHAM (SMITH v.).   See Case No. 13,018.

BURNHAM (UNITED STATES v.).   See Case No. 14,690.

BURNHAM (UPTON v.).   See Cases Nos. 16,798, 16,799.

## Case No. 2,178.

### BURNHAM v. WEBSTER.

[2 Ware (Dav. 236) 240.][1]

Circuit Court, D. Maine.   June 2, 1845.

PLEADING—DOUBLE REPLICATION — PLEA OF FORMER JUDGMENT — PROFERT — PLEA OF FOREIGN JUDGMENT—OF NUL TIEL RECORD.

1. A replication which alleges two distinct and independent facts, either of which is a complete answer to the plea, is double, and is bad on special demurrrer.

2. A former judgment is not pleaded with a profert, but a profert is tendered in reply to the plea or replication of nul tiel record.

3. A plea of a foreign judgment must contain an allegation that the court had jurisdiction, or so much of the proceedings must be spread on the record as will show affirmatively that the court had jurisdiction.

4. A foreign judgment is not considered as a record, and a plea to such judgment of nul tiel

[1] [Reported by Edward H. Daveis, Esq.]

record is bad. The opposite party may treat the plea as a nullity and take judgment.

At law. This was an action of assumpsit on a promissory note of one thousand dollars. The defendant [Ebenezer Webster] pleaded the general issue, and, for a second plea, a former judgment of the supreme court of New Brunswick, in favor of the defendant. Issue was joined by the plaintiff [Noah Burnham] on the first plea, and to the second he replied that the supreme court of New Brunswick was a foreign court and had no jurisdiction of the subject-matter of this suit at the time when the judgment was rendered, and that the note set forth in the declaration was withdrawn from said court by consent of the parties and by leave of the court before the verdict and judgment. To this replication the defendant demurred specially, and assigned for causes of demurrer, that the replication was double and argumentative, and the plaintiff joined the demurrer. [Demurrer sustained.]

Mr. Shepley, for plaintiff.
Mr. Rand, for defendant.

WARE, District Judge. By the rules of pleading there can be but one replication to one plea. The defendant may indeed put into the cause several pleas, but each plea is distinct and must be single; it must contain but one matter of defense, that is, it must not contain two or more facts or points, each of which would be an answer or defense to the action. The replication in like manner must be single, and confined to a single answer, and if it contains more than one, each of which would be a full answer to the plea, it will be held on demurrer bad for duplicity, for it must tender a single issue. Tried by this test can this replication stand? It alleges in the first place that the court had no jurisdiction of the subject-matter of this suit. This, alone, is a complete answer to the plea on which the defendant might take issue, and if found for the plaintiff that the court had not jurisdiction there is an end of the defense set up by the plea. For if the court had no jurisdiction the judgment would be considered as a nullity, and not in any way affecting the rights of the parties. In the second place, the replication alleges that the note now declared on was, by consent of parties and leave of court, withdrawn from the case before the verdict and judgment. This allegation admits the jurisdiction of the court over the parties and the subject-matter at the time when the action was commenced, and then shows that it was withdrawn from the jurisdiction by the leave of the court and consent of the parties, so that no adjudication was in fact had on the note. This is also by itself, and independent of any other matter, a complete answer to the plea, on which the defendant in a rejoinder might take issue. If the defendant had rejoined instead of demurring, the re-

joinder must, to answer the replication, have been double, and presented two distinct and independent issues.

It is contended in favor of the replication that it is not double, because it presents but a single point, and that is that the judgment is not conclusive. But it is obvious that a judgment may not be conclusive on the parties for more reasons than one. But in replying to a plea the plaintiff is not allowed to put in several replications to a single plea, as a defendant may put in several pleas to a declaration. When a foreign judgment is declared on, the defendant may in different pleas allege several distinct and different reasons why it should not be conclusive on his right, as the want of jurisdiction in the court, or fraud in obtaining the judgment, or that it is invoked to affect the rights of third persons by collusion between the parties. But when it is pleaded in defense to an action, though the plaintiff may believe that the judgment is not legally binding for several reasons, he is by the rules of pleading precluded from availing himself of more than one. He must select from his various means of defense the one on which he chooses to rely. The plaintiff having in this case included in his replication two distinct matters, either of which is a complete answer to the plea, the replication must be adjudged bad. But then it is contended that if the replication is bad, so also is the plea, and that a bad replication is good enough for a bad plea, the general rule being that where there are successive faults in pleading we must go back to the first fault. The plea it is contended is bad for two causes. 1. It is pleaded without a profert. 2. Because the plea does not allege that the court had jurisdiction of the parties and of the subject-matter. The first objection cannot prevail. In causes where a profert is necessary, the omission can only be taken advantage of by special demurrer, and the objection is waived by pleading over. Chit. Pl. 350, 512. And when a judgment is relied on in a declaration as a ground of action, or in a plea as a defense, it is never declared on or pleaded with a profert. See precedents in Finch, Prec. p. 347, and 2 Chit. Pl. 232, and 3 Chit. Pl. 227, for "Declaration." 2 Chit. Pl. 536, 673, "Plea Nul Tiel Record," and "Replication." The profert is made in reply to the plea of nul tiel record, and the party then has time to produce the record. 3 Bl. Comm. 331. And further, foreign judgments are not considered by the common law as records and cannot be declared on and pleaded technically as such. In the case of Walker v. Witter, Doug. 1, the plaintiff declared in debt on a judgment recovered in the colonial court of St. Jago de la Vega, "as by the record and proceedings thereof remaining in said court will more fully appear," and the defendant replied nul tiel record. The court said the prout patet per recordum was absurd because the foreign judgment in the view of the common law

was no record, but that it might be rejected as surplusage; but that the plea of nul tiel record was a nullity, and gave judgment for the plaintiff.[2]

The second objection involves a question of more difficulty. The plea is in the common form of a plea of domestic judgment. Whatever difference of opinion there may be as to the binding force of foreign judgments, all agree that they are not entitled to the same authority as the judgments of domestic courts of general jurisdiction. They are but evidence of what they purport to decide. and liable to be controlled by counter evidence, and do not, like domestic judgments, import absolute verity and remain incontrovertible and conclusive until reversed; and the question of the jurisdiction of the court over the matter which it acts upon is always an open question. As to the authority and effect of such judgments they are rather assimilated to the judgments of domestic courts of limited and special jurisdiction. Now, with respect to the judgments of these courts when they are relied upon, it must always appear that the court rightfully exercised jurisdiction. There is no presumption in favor of their authority as in the proceedings of courts of general jurisdiction, but that must appear on the face of their proceedings, or their judgments will be held not merely voidable, but absolutely void and nullities. Walker v. Turner, 9 Wheat. [22 U. S.] 947–949; Elliott v. Peirsol, 1 Pet. [26 U. S.] 340, 341. Formerly it was held in pleading the judgment of an inferior court, whether of record or not of record, that the whole proceedings must be set out at large. Nothing was presumed in favor either of their jurisdiction or of the regularity of their proceedings. It was therefore not sufficient to allege talliter processum fuit, but the whole must be spread upon the record by the party relying on the judgment, that it might be seen that the court had jurisdiction and that the proceedings were regular. Com. Dig. "Pleader," E 18. But the rigor of the old rule has been relaxed in modern times, and it is now held not to be necessary to set out the cause of action and the whole proceedings at large, but that it is sufficient to allege that the suit was for a cause of action arising within the jurisdiction of the court. 1 Saund. 92, note 2; Story, Pl. 134. And the regularity of the proceedings will be presumed unless excepted to by the other party. But still it must appear that the court had jurisdiction, either by a suitable allegation of the

[2] Since the union of Ireland and Great Britain, Irish judgments are pleadable as records; but when the plea of nul tiel record is pleaded it should conclude to the country and not with a verification; because the record could not be produced in court, and it must be by an examined copy and proved by oath, and so must go to the jury. Collins v. Mathew, 5 East, 474. If it is a domestic judgment the original record is brought into court to be inspected by the court. See 11 Adol. & E. 179; 39 E. C. L. 38.

party relying on the judgment. or by spreading on the record so much of the proceedings that the court may see that the inferior tribunal could rightfully take cognizance of the cause. For the court will not presume the jurisdiction unless it is distinctly alleged or is apparent on the record. It is indeed said by Lord Mansfield, in the case of Rowland v. Veale, Cowp. 18, that the same liberality holds, in pleading the judgment of an inferior court, with regard to the jurisdiction as it does with regard to the regularity of its proceedings; that is, that it will be presumed to be rightful unless the contrary is shown; and, therefore, that it is unnecessary to allege that the party 'became indebted within the jurisdiction. For if the cause of action did not arise within the jurisdiction, it should have been shown to the court below; or, if it was not alleged in the court below, it would be bad on error or in a writ of false judgment. This, however, was but an obiter dictum, for in the case before the court it was alleged in the plea that the cause of action came within the jurisdiction. But with the exception of this dictum the precedents and the authorities are the other way. Foreign judgments are held to have no greater sanctity or authority than domestic judgments of inferior courts. It must appear by the proceedings or be alleged in the plea that the court had jurisdiction of the cause, for the court will not presume, nor can it be contended that it is a presumption of law, that a foreign court has jurisdiction over parties who are inhabitants and residents of this country. Now it is not alleged in the plea nor is there anything spread on the record which shows that the foreign court had jurisdiction over the parties or the cause in this case. It appears to me, therefore, that the plea is bad not in form merely, which might be covered by pleading over, but in substance.

The only question of doubt, as it appears to me, that can arise is whether it lies in the mouth of the plaintiff to say that a court to which he had himself voluntarily appealed. and whose authority he had invoked, had no jurisdiction to determine the matter, and that its proceedings might be treated as a nullity. If the question stood entirely clear of authority, it is one on which I should feel inclined to pause. It seems to me to be repugnant to the first principles of social order and civil justice, that a party should be allowed to deny the competence of a tribunal of his own choosing, and to whose authority he had compelled the other party to submit. If he may, I do not see but that he may harass the adverse party with a new suit in every new jurisdiction where he may be found, without prejudice from prior judgments which may have been rendered against him by other courts. But the language of the authorities does not appear to indicate any distinction of the kind, or that a foreign judgment is binding any further on the

party bringing the suit than on the party defendant.

[NOTE. Upon the trial there was a verdict pro forma for defendant, and plaintiff moved for a new trial, which was granted. See next following case, No. 2,179.]